**THE LAW FIRM OF PETER STROJNIK**
**Attorneys at Law**
**Suite 1401**
**3030 North Central Avenue**
**Phoenix, Arizona 85012**
**(602) 297-3019**

Peter Kristofer Strojnik AZBN 026082 CABN 242728
strojniklaw@aol.com
Attorney for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT

## IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE

| | |
|---|---|
| DANG QUANG NGUYEN, a single man, ) | NO. 2:09-cv-03728-PVT |
| ) | |
| Plaintiff, ) | **MOTION TO AMEND COMPLAINT** |
| ) | |
| vs. ) | |
| ) | |
| STATS CHIPPAC, INC., a Delaware ) | |
| Corporation, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## MOTION

Previously unrepresented Plaintiff Dang Quang Nguyen, by and through undersigned counsel, hereby moves this Court for an order permitting Plaintiff to amend his complaint to add six additional counts and two additional parties to the Complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure.

WHEREFORE, Plaintiff respectfully requests this Motion be granted, and the lodged First Amended Complaint be filed. This Motion is more fully supported by the below Memorandum of Points and Authorities, which by this reference is incorporated herein.

**MEMORANDUM OF POINTS AND AUTHORITES**

**I.  FACTUAL BACKGROUND AND FIRST AMENDED ALLEGATIONS**

Plaintiff Dang Quang Nguyen filed the Original Complaint against Defendant STATS ChipPAC, Inc. alleging violations of Title VII.   At the time Plaintiff filed the original Complaint, he was not represented by counsel.   Mr. Nguyen is a Vietnamese nationalist with limited English abilities and understanding.   Plaintiff retained undersigned counsel on or about September 8, 2009 during which time a Vietnamese interpreter was present.   Through the interpreter, Mr. Nguyen explained additional facts that were not present in the original Complaint.

At or around February 12, 2009, Plaintiff was forced to sign a Separation Agreement and Release of Claims ("Agreement") prior to his termination from Defendant STATS ChipPAC.   Plaintiff was being terminated because of his repeated complaints about the harassment to which he was exposed.   The Agreement allegedly released all claims Plaintiff had against STATS relating to his employment at STATS up to the date of the Agreement.   The release of claims included state law claims and Title VII claims.

Prior to STATS' presentation of the Agreement, Plaintiff had made several complaints to his supervisors about workplace harassment from other co-workers because of his race and national origin.   STATS set to terminate Plaintiff's employment and present him with the Agreement to release any and all claims he may have against STATS.   When Plaintiff was presented with the Agreement, STATS knew that Plaintiff's command of the English language was limited.   Due to Plaintiff's limited command of the English language and lack of knowledge of the meaning of legal terms, he was not aware of what he was signing.   In fact,

Plaintiff believed he was signing a "general severance package" that would compensate him in the amount of approximately $10,000 <u>for his past work</u>.

Plaintiff asked STATS whether he would be giving up his Title VII rights against the Company by signing the Agreement, and STATS, knowing Plaintiff's command of the English language was limited, confirmed and assured that he would not do so by execution. STATS made these representations knowing of Plaintiff's lack of knowledge of what he was signing and with the intent to induce Plaintiff into relying on their representations. At no time did STATS offer Plaintiff the opportunity to consult with a lawyer relating to executing the pre-crafted Agreement, and STATS did not offer Plaintiff to translate the Agreement into Vietnamese.

## II. ARGUMENT AND SUPPORTING LAW

## A. JUSTICE WARRANTS PERMITTING PLAINTIFF TO AMEND COMPLAINT

Rule 15(a) of the Federal Rules of Civil Procedure states a party may amend his pleading with leave of the Court, and the "court should freely give leave when justice so requires." "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (citing *Nunes v. Ashcroft*, 348 F.3d 815, 818 (9th Cir. 2003)); accord *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008).

As an initial matter, Plaintiff has not yet amended his Complaint and there is no bad faith. Furthermore, there has been no undue delay as these proceedings are merely a month old, and prior to initiating this action Plaintiff was not represented by counsel and had no

knowledge of the applicable law that is the subject of the counts sought to be added.  Finally, there would be no prejudice to Defendant STATS ChipPAC, Inc. because discovery has not yet taken place, and the Scheduling Order has not yet been filed.

## B.  PLAINTIFF'S AMENDED COMPLAINT WOULD NOT BE FUTILE

A proposed amendment is futile if no set of facts can be proven that would constitute a valid and sufficient claim.  *Miller v. Rykoff-Sexton, Inc*., 845 F.2d 209, 214 (9th Cir. 1988). Rule 8 of the Federal Rules of Civil Procedure only requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  Plaintiff here is amending the two Title VII counts and adding six additional counts.

### Count 1:  Title VII Hostile Work Environment

Title VII proscribes discrimination based on race and national origin.  42 U.S.C. § 2000e.  Harassment based on race and national origin becomes unlawful when it "has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile or offensive work environment."  29 C.F.R. § 1604.11(a).  "To prevail on a hostile work environment claimed premised on race, a plaintiff must demonstrate:  (1) that he was subjected to verbal or physical conduct or a racial or sexual nature; (2) that the conduct was unwelcome; and, (3) that the conduct was sufficiently severe or pervasive to alter the plaintiff's employment or create an abusive working environment."  Gregory v. Widnall, 153 F.3d 1071, 1074 (9th Cir. 1998).

In the lodged First Amended, Plaintiff adequately pleads the necessary elements. Plaintiff alleges that he was verbally harassed since 2005 until his termination in 2009 due his race and national origin, and he did not welcome the harassment.  Plaintiff further alleges that

the pervasiveness of the harassment was such that he had a difficult time even going to work due to the intimidation and harassment he suffered every day. Furthermore, STATS failed to conduct any investigation of the harassing conduct even though Plaintiff often complained to his supervisor about the harassment.

**Count 2: Title VII Retaliation**

Title VII defines "retaliation" as a form of unlawful discrimination and states: "It shall be an unlawful employment practice for an employer to discriminate against any of his employees…because [the employee] has opposed any employment practice made unlawful by this subchapter." Plaintiff must demonstrate the following to establish a prima facie case of retaliation: "1. she engaged in a protected activity; 2. her employer subjected her to an advere employment action; and 3. a causal link exists between the protected activity and the adverse action." *Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000). "[An] informal complaint to a supervisor is … a protected activity." *Equal Employment Opportunity Commission v. Hacienda Hotel*, 881 F.2d 1504, 1514 (9th Cir. 1989).

Plaintiff adequately gives notice as he alleges that he was terminated as a direct result of his constant harassment-based complaints to his supervisor. There is no question termination is an adverse employment action.

**Count 3: Declaration of Ineffective Waiver of Federal Rights**

The waiver of federal claims is governed by federal law, and such a waiver is not valid if it is not knowing and voluntary. *Stroman v. West Coast Grocery Co.*, 884 F.2d 458, 461 (9th Cir. 1989). Mr. Nguyen's alleged waiver of his Title VII rights when executing the agreement was no where close to being knowing and voluntary as he was first not even aware of what he

was signing and had the understanding he was signing a completely different document. In the face of Defendants' acts of misrepresenting the content of the agreement coupled with Mr. Nguyen's severely limited English skills, he executed the agreement.

### Count 4: Declaration of Ineffective Release of State Law Claims

Similarly here, Plaintiff claims the agreement was not valid because of the several misrepresentations made by Defendants inducing Plaintiff to execute the agreement. The misrepresentations made by Defendant are more fully discussed infra.

### Count 5: Intentional Infliction of Emotional Distress

The elements of a prima facie face of intentional infliction of emotional distress are: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. *Davidson v. City of Westminster*, 32 Cal.3d 197, 201 (1982). The failure to redress complaints of Title VII harassment constitutes extreme and outrageous conduct where the employer has actual knowledge of the facts or is ignorant "of the facts [that] arises from the principal's own failure to investigate and the circumstances are such as to put a reasonable man on inquiry…" *Reusche v. California Pac. Title Ins. Co.*, 231 Cal. App. 2d 731, 737 (1965); *accord, Hutchinson Co. v. Gould*, 180 Cal. 356, 358 (1919); *Foth v. Bice*, No. E028126 (Cal. App. Dist. 4 03/06/2002). Furthermore, [g]iven an employee's fundamental civil right to a discrimination free environment, by its very nature, [Title VII] harassment in the work place is outrageous conduct as it exceeds all bounds of decency usually tolerated by a decent society," *Fisher v. San Pedrom Peninsula Hospital*, 214 Cal. App. 3d

(1989), and an "employer is liable for the willful and malicious torts of its employees committed in the scope of employment." *Id*. ("Thus, if Ms. Fisher properly pleads an environmental sexual harassment cause of action, then she will have also pled sufficient facts to establish a claim against SPPH for intentional infliction of emotional distress").

Plaintiff adequately pleads IIED on a ratification and respondeat superior basis as it is alleged that Defendants failed to take adequate remedial measures to address the complaints made by Plaintiff notwithstanding they had actual knowledge of the complaints and harassment to which Plaintiff was exposed.   Furthermore, pursuant to *Fishe*r supra, Plaintiff adequately pleads IIED on a respondeat superior theory as Plaintiff was exposed to racial and national origin harassment on a daily basis.

**Count 6 & 7:  Intentional Misrepresentation & Fraud**

A complaint for fraud must plead misrepresentation, knowledge of falsity, intent to induce reliance, justifiable reliance, and resulting damages.  *Lazar v. Superior Court*, 12 Cal.4[th] 631, 638 (1996); 5 Witkin, Summary of Cal. Law (10th ed. 2005) Torts, § 772, p. 1135.  The elements required for intentional misrepresentation are similar.    There must be a misrepresentation, made with knowledge of its falsity and with an intent to defraud or induce reliance, justifiable reliance, and resulting damage.  *Id*. at § 772, p. 1121.

Plaintiff has adequately pled both torts as Plaintiff alleges that Defendants misrepresented that he was not giving up his Title VII claims or other state law claims when signing the Agreement.  This was after Plaintiff advised Defendants that he did not understand the Agreement due to his limited English skills and specifically asked whether he would be giving up such claims.  Defendants allowed Plaintiff to execute the Agreement knowing the

representations were false and with the intent to have Mr. Nguyen execute the Agreement and sign away his federal rights.

## C.    SUPPLEMENTAL JURISDICTION OVER STATE LAW CLAIMS IS WARRANTED

It is clear that the operative facts of the lodged First Amended Complaint center around Plaintiff's Title VII complaints and his alleged waiver thereof.  The state law claim of intentional infliction of emotional distress centers around the same facts of the discrimination claims, which include Defendants' knowledge of Plaintiff's complaints, and Defendants' failure to redress the harassment in any manner or investigate his complaints.  Finally, the state law claims surrounding the ineffectiveness of the Agreement also center around the lengths to which Defendants would go to ensure that Plaintiff did not assert Title VII claims against them.

## III.  CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests an Order permitting him to file his lodged First Amended Complaint.  A struck-through/bracketed copy of the First Amended Complaint is attached as Exhibit 1, and a clean copy shall be lodged with the Clerk.  A proposed form of Order is attached as Exhibit 2.


RESPECTFULLY SUBMITTED this 18th Day of September, 2009.


THE LAW FIRM OF PETER STROJNIK


_____
Peter Kristofer Strojnik
Attorney for Plaintiff

– 8 –