**THE LAW FIRM OF PETER STROJNIK**
Attorneys at Law
Suite 1401
3030 North Central Avenue
Phoenix, Arizona 85012
(602) 297-3019

Peter Kristofer Strojnik AZBN 026082 CABN 242728
pksesq@aol.com
Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE

| | |
|---|---|
| DANG QUANG NGUYEN, a married man,<br><br>Plaintiff,<br><br>vs.<br><br>STATS CHIPPAC, INC., a Delaware Corporation; STATS CHIPPAC, LTD., a Singaporean corporation,<br><br>Defendants. | NO. 2:09-cv-03728-PVT<br><br>**[LODGED] FIRST AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff alleges as follows:

**PARTIES**

1) Plaintiff DANG QUANG NGUYEN is a married man of Vietnamese descent residing in the County of Santa Clara, State of California. Plaintiff's command and understanding of the English language is extremely limited. Plaintiff speaks Vietnamese fluently.

2) Defendant STATS CHIPPAC, INC. is a Delaware corporation, and STATS CHIPPAC, LTD. is a Singaporean corporation (collectively as "STATS ChipPAC"), each

authorized to and conducting business in the County of Santa Clara, State of California. STATS are employers and/or vicariously liable for the acts of each other under Title VII because all acts taken by Plaintiff's supervisors and co-workers were within the course and scope of their employment at STATS ChipPAC. STATS ChipPAC is an industry-leading, multi-billion dollar semiconductor company with offices in the United States, Singapore, Korea, Malaysia, and China.

## JURISDICTION AND VENUE

3) This action is principally brought to remedy discrimination on the basis of race and national origin in the terms, conditions and privileges of employment and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII").

4) Injunctive and declaratory relief, damages and other appropriate legal and equitable relief are sought pursuant to 42 U.S.C. §2000e (f) and (g).

5) Plaintiff filed a charge of discrimination against Defendants STATS ChipPAC with the Equal Employment Opportunity Commission ("EEOC") on April 2, 2009.

6) On June 2, 2009, the EEOC issued a Notice of Right to Sue to Plaintiff.

7) Plaintiff has complied fully with all prerequisites to jurisdiction in this Court under Title VII. The Court has jurisdiction under §706(f)(3) of Title VII, 42 U.S.C. §2003-5(f)(3).

8) Plaintiff also brings state law claims that are so related to Plaintiff's principal Title VII claim, to wit: causes of action based in tort relating to Plaintiff's ineffective release of his Title VII rights and state law claims. Because the state law claims are so related to the principal Title VII claims, the Court has supplemental jurisdiction pursuant to 28

U.S.C. § 1367.  Furthermore, Plaintiff's state law claims do not raise novel or complex issues of state law, and such claims will not substantially predominate over the principal Title VII claims.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

9) Plaintiff realleges all allegations heretofore alleged.

10) Plaintiff began his employment with STATS ChipPAC on September 29, 2002 as an Equipment Maintenance Technician.  Plaintiff's employment at STATS ChipPAC was terminated on February 12, 2009.

11) From approximately 2005 until Plaintiff's termination date, Plaintiff experienced daily hostility, harassment and intimidation from co-workers and supervisors based on his Vietnamese race and national origin.  Plaintiff engaged in protected activities through informal complaints about the harassment to his supervisors.  The supervisors did not take any action to redress the harassment Plaintiff suffered from co-workers because of his race, national origin and their belief that Plaintiff would not take any action because of his lack of knowledge of the United States legal system and general society.

12) Plaintiff did not welcome the harassment, hostility, and intimidation from his co-workers, which caused an abusive and hostile working environment for him.

13) Ultimately, because of Plaintiff's repeated complaints about the hostility to which he was exposed daily he was terminated from his employment.

14) On the date of Plaintiff's termination, February 12, 2009, he was presented with a Separation Agreement and General Release of All Claims ("Agreement").  The Agreement states, *inter alia*, that Plaintiff would receive a severance package for the

sum of $10,368.36 in consideration for Plaintiff promising that he would release all claims against STATS ChipPAC, known or unknown, relating to his employment. The Agreement was a pre-crafted Agreement to which Plaintiff could not make any contributions.

15) STATS ChipPAC pressured Plaintiff to execute the Agreement, and represented to Plaintiff that by signing the Agreement, he would not relinquish his Title VII rights or any other grievances he believed he had against STATS ChipPAC. STATS ChipPAC made these representations knowing that they were not true.

16) Plaintiff advised STATS ChipPAC that he did not understand the terms of the Agreement and questioned whether executing the Agreement would preclude him from asserting his Title VII rights or any other claims he had against STATS ChipPAC. STATS ChipPAC, knowing that (a) Plaintiff did not understand the Agreement (b) that Plaintiff's command of the English language was limited and (c) that Plaintiff would not consult with a lawyer, ensured Plaintiff that signing the Agreement would not affect his Title VII rights or any other claims he had or may have against STATS ChipPAC.

17) By making these misrepresentations, Defendants intended to deceive Plaintiff into believing his execution of the Agreement would not affect his rights and therefore cause Plaintiff to execute the Agreement.

18) Plaintiff relied on Defendants' misrepresentations by executing the Agreement.

19) STATS ChipPAC did not offer to translate the Agreement into Vietnamese for Plaintiff, and it did not offer to provide a translator to assist Plaintiff to discern the meaning of the complex, legal terms contained in the Agreement.

20) Ultimately, Plaintiff believed that he was signing a "general severance package" document. Plaintiff relied on STATS' misrepresentations and signed the Agreement even though he did not know that he was waiving his Title VII rights or other claims as they applied to STATS ChipPAC.

## COUNT ONE
### (VIOLATION OF TITLE VII – HOSTILE WORK ENVIRONMENT)

21) Plaintiff realleges all allegations heretofore alleged.

22) Defendants have discriminated against Plaintiff in the terms and conditions of his employment on the basis of his race and national origin in violation of Title VII as a result of a discriminatory and hostile work environment created by his supervisors and co-workers.

23) As a direct and proximate result of the hostile work environment, Plaintiff has suffered mental and emotional distress, pain and suffering, anger, depression, anxiety, humiliation, loss of reputation and embarrassment.

24) The actions of Defendants were done in reckless indifference to Plaintiff's federally protected rights, and Plaintiff is therefore entitled to recover punitive and exemplary damages.

## COUNT TWO
### (VIOLATION OF TITLE VII – RETALIATION)

25) Plaintiff realleges all allegations heretofore alleged.

26) Defendants have retaliated against Plaintiff due to him reporting complaints of a hostile work environment by terminating Plaintiff's employment.

27) As a direct result of retaliatory action by Defendants, Plaintiff has suffered mental and emotional distress, pain and suffering, anger, depression, anxiety, humiliation and embarrassment.  As a further direct result of the retaliatory action by Defendants, Plaintiff has and will suffer lost wages, lost promotional opportunities in the future and damage to his reputation and career.

28) The actions of Defendants were done in reckless indifference to Plaintiff's federally protected rights, and Plaintiff is therefore entitled to recover punitive and exemplary damages.

## COUNT THREE
## (DECLARATION OF INEFFECTIVE RELEASE OF FEDERAL CLAIMS)

29) Plaintiff realleges all allegations heretofore alleged.

30) This Count is brought pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*

31) A justiciable controversy exists between Plaintiff and Defendants regarding the legality of the Agreement.

32) Defendants claim that the Agreement is a valid, enforceable release of claims and therefore Plaintiff is precluded from filing this Title VII lawsuit.

33) Plaintiff claims the Agreement is an ineffective waiver of Title VII rights because his act of executing the Agreement was not knowing, voluntary, deliberate and/or informed.

## COUNT FOUR
## (DECLARATION OF INEFFECTIVE RELEASE OF STATE CLAIMS)

34) Plaintiff realleges all allegations heretofore alleged.

35) This Count is brought pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*.

36) A justiciable controversy exists between Plaintiff and Defendants regarding the legality of the Agreement.

37) Defendants claim that the Agreement is a valid, enforceable release of claims and therefore Defendants claim Plaintiff is precluded from initiating a lawsuit asserting state law claims.

38) Plaintiff claims the Agreement is invalid due to intentional and other misrepresentations Defendants made to Plaintiff to induce him to execute the Agreement.

39) Plaintiff further claims the Agreement is invalid because he was fraudulently induced into executing the Agreement.

40) Plaintiff further claims the Agreement is invalid because of his lack of assent.

41) Plaintiff further claims that the Agreement does not extend to challenging the validity of the Agreement or asserting state law claims against Defendants based on the events surrounding the Agreement.  Plaintiff makes this claim on the language within the Agreement that requires interpretation as to the events it covers, to wit:

> Employee unconditionally, irrevocably and absolutely releases and discharges Company … from all claims related in any way to the transactions or occurrences between them **to date** … (emphasis supplied) (Exhibit 1)

## COUNT FIVE
## (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS LIABILITY THROUGH RATIFICATION AND RESPONDEAT SUPERIOR)

42) Plaintiff realleges all allegations heretofore alleged.

43) Defendants' actions were extreme and outrageous and were committed with the intent of causing, or reckless disregard of the probability of causing, emotional distress as follows:

   1. Plaintiff complained of racial and national origin harassment from his co-workers to his supervisors;
   2. Defendants had actual knowledge of the harassment to which Plaintiff was being exposed and/or were ignorant of the harassment when a reasonable person would be aware;
   3. Defendants did not take any action to remedy the harassment Plaintiff was experiencing and did not investigate the complaints; and therefore,
   4. Defendants ratified the conduct of the co-workers who harassed Plaintiff.

44) Such extreme and outrageous conduct actually and proximately caused Plaintiff to suffer severe emotional distress, which such distress was exhibited by physical symptoms, e.g. excessive sweating, stomach aches, etc.

45) Defendants had actual knowledge of the harassment to which Plaintiff was exposed, and therefore Plaintiff is entitled to punitive and exemplary damages.

46) The Defendants' supervisors and coworkers who harassed and intimidated Plaintiff on the basis of his race and national origin were acting in the scope of their employment duties.

47) Defendants' employees further acted with extreme and outrageous conduct by discriminating against Plaintiff based on his race and national origin, and Defendants failed to take any correct action proximately causing Plaintiff severe emotional distress.

48) Defendants acted with oppression, fraud, or malice in committing these actions, and therefore Plaintiff is entitled to punitive damages.

## COUNT SIX
## (INTENTIONAL MISREPRESENTATION)

49) Plaintiff realleges all allegations heretofore alleged.

50) Plaintiff executed the Release Agreement because STATS ChipPAC supervisors knowingly misrepresented the meaning of the terms, specifically the release of known or unknown claims, within the Release Agreement knowing that Plaintiff's command of the English language is limited. The supervisors knew their relation of the meaning of the terms to Plaintiff was false and did so with intent to defraud Plaintiff and induce him to rely on their misrepresentations.

51) Consequently, Plaintiff justifiably relied on the misrepresentations of the supervisors by executing the Release Agreement.

52) The acts of the supervisors and Defendants directly and proximately caused Plaintiff to execute the Release Agreement and thereby waive his right to enforce his federally protected rights under Title VII and other state rights and claims. These acts further caused Plaintiff pain and suffering, and other damages to be proven at the time of trial.

53) Defendants acted with oppression, fraud, or malice in committing these actions, and therefore Plaintiff is entitled to punitive damages.

## COUNT SEVEN
## (FRAUD)

54) Plaintiff realleges all allegations heretofore alleged.

55) Defendants made a false representation to Plaintiff with scienter and/or knowledge of the falsity of the representation.

56) Defendants made the false representation with the intent to induce Plaintiff's reliance on the representation.

57) Plaintiff's reliance on the false representation was justifiable, which directly and proximately caused him damages.

58) The acts of the supervisors and Defendants directly and proximately caused Plaintiff to execute the Release Agreement and thereby waive his right to enforce his federally protected rights under Title VII and other state rights and claims. These acts further caused Plaintiff pain and suffering, and other damages to be proven at the time of trial.

59) Defendants acted with oppression, fraud, or malice in committing these actions, and therefore Plaintiff is entitled to punitive damages.

WHEREFORE, Plaintiff demands Judgment against Defendants as follows:

1. Declaring the acts and practices complained of herein are in violation of Title VII;
2. A Declaration that the Agreement has no effect by law;
3. Compensatory damages to be proven at time of trial;
4. Lost wages and the value of benefits to be proven at time of trial;
5. Punitive and exemplary damages to be proven at time of trial for the tort claims;
6. Attorneys' fees and costs of suit;

7. <u>Reinstatement and promotion to the position held prior to termination;</u>

8. <u>For such other relief this Court deems just.</u>

**DEMAND FOR JURY TRIAL**

<u>Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial.</u>

RESPECTFULLY SUBMITTED this 18th Day of September, 2009.

THE LAW FIRM OF PETER STROJNIK

_____
Peter Kristofer Strojnik
Attorney for Plaintiff Dang Quang Nguyen

///

///

///

///

///

///

///

///

///

///

///

## **VERIFICATION IN ENGLISH TRANSLATED INTO VIETNAMESE**

The undersigned verifies under the penalty of perjury that he has reviewed the above Lodged First Amended Complaint, that it has been explained to him in Vietnamese, and that the same is true and correct to the best of his information, knowledge, memory and belief.

**Translation**

Dang Quang Nguyen chung that duoi loi the la da doc tai lieu nay.  Tai lieu nay da duoc giai thich bang tieng Viet cho toi va chung nhan la dung su thuc theo su hieu biet va theo tri nho cua toi.

                                                                        _____
                                                                        Dang Quang Nguyen
                                                                        Plaintiff