**THE STROJNIK FIRM LLC**
**Attorneys at Law**
**Suite 1401**
**3030 North Central Avenue**
**Phoenix, Arizona 85012**
**(602) 297-3019**

Peter Kristofer Strojnik AZBN 026082 CABN 242728
strojnik@skplaw.com
Attorney for Plaintiffs

### IN THE UNITED STATES DISTRICT COURT

### IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE

| | |
|---|---|
| DANG QUANG NGUYEN, a married man, <br><br> Plaintiff, <br><br> vs. <br><br> STATS CHIPPAC, INC., a Delaware Corporation, <br><br> Defendants. | NO.  5:09-cv-03728-PVT <br><br> **PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE IN OPPOSITION TO MOTION TO AMEND** <br><br> Hearing Date:  November 3, 2009 <br> Hearting Time:  10:00 a.m. |

Plaintiff Dang Quang Nguyen, by and through undersigned counsel, hereby replies to Defendant STATS ChipPAC, Inc.'s Response to the Motion to Amend.

### SUMMARY OF REPLY

Defendant first argues that the Amended Complaint is allegedly futile because Mr. Nguyen executed a Separation Agreement, but this ignores the fact that Mr. Nguyen did not understand what he was signing due to his extremely limited English ability, STATS unconscionably misrepresented the content of the Separation Agreement while knowing he did not understand what he was signing, Mr. Nguyen was not represented by counsel nor given the opportunity or advice to do so, and Mr. Nguyen left school in Vietnam after the eighth (8th)

-1-

grade.  Indeed, the *Stroman* decision, infra, had Mr. Nguyen's case in mind.  Furthermore, the authority to which STATS cites in support of this argument deals with release agreements not dealing in waiver of federal rights.

Defendant next argues that Mr. Nguyen's amended complaint against the parent company – STATS Ltd. - is allegedly barred because it was not named in the EEOC complaint, but this ignores the law of the Ninth Circuit stating that "Title VII charges can be brought against persons not named in the EEOC complaint so long as … the EEOC or defendants themselves 'should have anticipated' that the claimant would name those defendants in a Title VII suit…" See, e.g. *Equal Opportunity Commission v. National Education Association, infra*. In light of the fact that STATS, Ltd. controls the operations of the American subsidiary, Mr. Nguyen wrote a letter directly to STATS Ltd.'s president and CEO concerning his allegations, and STATS, Ltd. is now involved in litigation for a Title VII lawsuit in Arizona, it should have anticipated being sued.  Furthermore, Defendant does not have standing to assert defenses on behalf of its parent company as the latter is not a party pursuant to Fed. R. Civ. P. 12(b)(1).

Defendant's final argument is that Plaintiff allegedly cannot amend the complaint to allege race or national origin, but Defendant provides no authority in support because none is in existence.  It is well settled in the Ninth Circuit that a Plaintiff may allege Title VII causes that are "like or reasonably related" to the EEOC charges.  Whether Mr. Nguyen marked "sex" in the EEOC complaint form does not change the substantive, factual allegations of the complaint form.  Furthermore, Defendant fails to advise the Court that Mr. Nguyen marked "race" on the EEOC Intake Questionnaire, which was filled out by him personally (instead of the EEOC Complaint, which was filled out by the EEOC investigator as indicated by the typed "X").

Finally, Defendant does not argue against Plaintiff's amended state law claims. However, it should be noted that STATS' several misrepresentations as to the content of the Agreement while knowing Mr. Nguyen did not understand it make the alleged release of state law claims ineffectual.

## I. REPLY AND SUPPORTING LAW

### A. The Rule 15 Standard

A proposed amendment is futile if no set of facts can be proven that would constitute a valid and sufficient claim. *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). Rule 8 of the Federal Rules of Civil Procedure only requires a "short and plain statement of the claim showing that the pleader is entitled to relief."

### B. Mr. Nguyen's Execution of the Separation Agreement Was Not a Knowing and Voluntary Waiver of Federal Rights

Defendant STATS, Inc. agrees that the "release of claims under Title VII must be 'voluntary, deliberate, and informed.'" *See*, Doc. 15 at 6 (quoting *Stroman v. West Coast Grocery Co.*, 884 F.2d 458, 462 (9th Cir. 1989). Determining whether the waiver of Title VII rights was "voluntary, deliberate, and informed" is "predicated upon an evaluation of several indicia arising from the circumstances and conditions under which the release was executed." *Coventry v. United States Steel Corp.*, 856 F.2d 514, 522 (3d Cir. 1988); *Stroman*, 884 F.2d at 462; see also, *Salmeron v. United States*, 724 F.2d 1357, 1361 (9th Cir. 1983) (whether a waiver is voluntary is dependent upon objective and subjective factors). In the Ninth Circuit, the "primary importance in this calculation is the clarity and lack of ambiguity of the agreement, the plaintiff's education and business experience, the presence of a noncoercive atmosphere for

the execution of the release, and whether the employee had the benefit of legal counsel." *Stroman*, 884 F.2d at 462.

Mr. Nguyen's execution of the Separation Agreement fell woefully short of being "voluntary, deliberate, and informed." In the lodged First Amended Complaint, Mr. Nguyen demonstrates that his execution was not "voluntary" since "STATS pressured Plaintiff to execute the Agreement…" *See*, Doc. 13 at ¶15. Mr. Nguyen demonstrates his execution of the Agreement was not informed as he alleges that "he did not understand the terms of the Agreement and questioned STATS as to whether executing the Agreement would preclude him from asserting his Title VII rights…" *Id*. at ¶16. Further evidence the execution was uninformed was the fact that STATS knew Plaintiff did not understand the terms of the Agreement, but it still insisted that he sign it while at the same time misrepresenting that he would not be waiving his federal rights. *Id*. at ¶15-18. Plaintiff relied on STATS' misrepresentations and executed the Agreement even though he was not offered a translator, and he did not have the opportunity to consult with counsel. *Id*. at ¶19. Also demonstrative of the ineffectiveness of the waiver is that Plaintiff's command of the English language is sparse, he was not permitted to obtain advice of counsel, and the highest grade he has achieved is 8th grade which he completed in Vietnamese. (Exhibit 1).

Defendant points to *Aikins v. Tosco Refining Company, Inc.*, 1999 WL 179686 (N.D.Cal. 1999) to support their argument that Plaintiff's "language abilities" is allegedly not a defense to the waiver of federal rights. However, *Aikins* was a decision on Motion for Summary Judgment in which the record was complete, and the Court entertained the plaintiff's lack of command of the English language as an argument. It was only after Tosco Refining

demonstrated in the record that Aikins learned English in Africa and the record demonstrated

Aikins ability to understand the English language.

     i.     ***Defendant's Citations to State Court Cases Are Not Applicable to a Waiver of Federal Rights***

"The interpretation and validity of a release of claims under Title VII is **governed by federal law**." *Stroman*, 884 F.2d at 463 (emphasis supplied); *Salmeron v. United States*, 724 F.2d 1357, 1361 (9th Cir. 1983); see also, *Fulgence v. J. Ray McDermott & Co.*, 662 F.2d 1207, 1209 (5th Cir. 1981) ("Creation of a federal rule rather than absorption of a state rule is appropriate where … the rights of the litigants and the operative legal policies derive from a federal source."); cf. *Jones v. Taber*, 648 F.2d 1201, 1203 (9th Cir. 1981) (federal law governs waiver of section 1983 claim).

STATS' citations to *Bolanos v. Khalatian*, 231 Cal.App.3d 1586 (1991) and *Randas v. YMCA of Metropolitan Los Angeles*, 17 Cal.App.4th 158 (1993) are inapplicable to the clear invalidity of the Separation Agreement at issue because each of these cases applied state law in these breach of contract cases.

## C.  STATS' Parent Company 'Should Have Anticipated' Being Named Defendant

"[F]ailure to name the party in the original [EEOC] charges is not dispositive." *Equal Employment Opportunity Commission v. National Education Association*, 422 F.3d 840, 846 (9th Cir. 2005). "The law of this circuit is that Title VII charges can be brought against persons not named in an EEOC complaint as long as … the EEOC or defendants themselves 'should have anticipated' that the claimant would name those defendants in a Title VII suit, the court has jurisdiction over those defendants even though they were not named in the EEOC charge."

*National Education Association*, 422 F.3d at 846; *Ortez v. Washington County*, 88 F.3d 804, 808 (9th Cir. 1996); *Sosa v. Hiraoka*, 920 F.2d 1451, 1458-59 (9th Cir. 1990).

Here, parent company STATS, Ltd. should have anticipated being named as a Defendant because after Mr. Nguyen was fired and before the EEOC charge was filed, Mr. Nguyen wrote correspondence directly to Ms. Gail Uy (HR manger) at STATS in Fremont, (Exhibit 2), and Ms. Uy has previously testified that it is STATS' policy to report all "threats" of lawsuits to STATS, Ltd.'s general counsel – Janet Taylor.  *See*, Uy Depo. at 202:24-25 (Exhibit 3).  Further evidence that STATS, Ltd. should have anticipated being a defendant is the fact that it is a defendant in the *Sahakian v. STATS ChipPAC, Ltd. et al.*, 2:08-cv-241 matter in Arizona under substantially the same facts as in this case.  Finally, STATS, Ltd. wholly owns STATS, Inc. and controls its day-to-day operations.  Assuming the above is insufficient, Mr. Nguyen sent correspondence directly to STATS, Ltd.'s president and CEO complaining of the Title VII violations.  (Exhibit 4).  Surely, STATS, Ltd. should have anticipated being sued in this matter.

### D.  'Mere Technicalities' Such As Failing to Mark the Correct EEOC Box Does Not Alter the Substantive Factual Allegations in the Complaint Form; Plaintiff Marked 'Race' In His EEOC Intake Questionnaire

Claims of discrimination and retaliation not included in a timely-filed EEOC charge may not be considered by a district court <u>unless</u> the new claims are "like or reasonably related to" the allegations contained in the EEOC charge.  *Lyons v. England*, 307 F.3d 1092, 1104 (9th Cir. 2002); *Green v. Los Angeles County Superintendent of Schs.*, 883 F.2d 1472, 1475-76 (9th Cir. 1989).  Jurisdiction is appropriate over all charges that are "within the scope of the EEOC's actual investigation or an EEOC investigation which can reasonably be expected to grow out of the charge of discrimination."  *EEOC v. Farmer Bros. Co.*, 31 F.3d 891, 899 (9th Cir. 1994)

(quoting *Sosa v. Hiraoka*, 920 F.2d 1451, 1456 (9th Cir. 1990); *Yamaguchi v. United States Dep't of the Air Force*, 109 F.3d 1475, 1480 (9th Cir. 1997).

In determining whether the lawsuit is "reasonably related" to an EEOC charge, the District Court must construe the EEOC charge "with utmost liberality since they are made by those unschooled in the technicalities of formal pleading." *B.K.B. v. Maui Police Dept*, 276 F.3d at 1100; *Yamaguchi*, 109 F.3d at 1480. "Courts should not use Title VII's administrative procedures as a trap for unwary pro se civil-rights plaintiffs…" *Duncan v. Delta Consol. Industries, Inc.*, 371 F.3d 1020, 1025 (8th Cir. 2004). Furthermore, "**simple technicalities such as what boxes, for instance, are checked on the EEOC form do not necessarily control the scope of a subsequent civil complaint**." *Noreuil v. Peabody Coal Co.*, No. 95-3199 (7th Cir. 09/16/1996) (emphasis supplied); *Kristufek v. Hussmann Foodservice Co.*, 985 F.2d 364, 369 (7th Cir. 1993). See also, *Morris v. Hertz Corp.*, No. 1:07-cv-1064 (S.D. Ind. 07/24/2008) (**holding that Plaintiff's failure to check the "color" box on the EEOC form did not preclude a complaint based on race**).

When applying the "like or reasonably related to" standard, the Ninth Circuit requires the district court to consider "such factors as the alleged basis of the discrimination, dates of discriminatory acts specified within the charge, perpetrators of discrimination named in the charge, and any locations at which discrimination is alleged to have occurred." *B.K.B.*, 276 F.3d at 1100; *Vasquez v. County of Los Angeles*, 349 F.3d 634, 644-45 (9th Cir. 2004).

As an initial matter, Defendant fails to advise the Court that Plaintiff marked the "race" box when personally filling out the EEOC Intake Questionnaire. (Exhibit 5). It is obvious that the EEOC investigator who marked the "sex" box in the EEOC charge either made an error or

had a difficult time understanding Plaintiff during the EEOC interview.    And surely, "race" and "national origin" are like or reasonably related as both have to do with Mr. Nguyen's Vietnamese race/national origin.    Furthermore, the substantive allegations within the Charge and Intake Questionnaire, while difficult to understand, center around Mr. Nguyen's race and national origin.

**E.    Defendant's "Dilatory Motive" Argument Has No Footing, Is Unsupported, and Makes Inexcusable Assumptions About Plaintiff's Counsel**

It is clear that Defendant's unsupported argument of "dilatory motive" is a clear attempt to attack the credibility of Plaintiff's counsel – *not Plaintiff*.    Whether    or    not    Plaintiff's counsel represents yet another Title VII claimant against STATS has no bearing on the merit of Mr. Nguyen's similar Title VII claims.    Indeed, as the Court will soon discover, it has become patently evident that STATS' modus operandi is to ignore those Federal laws enacted to protect persons with protected characteristics.

## II.  CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests his Motion to Amend be granted.

RESPECTFULLY SUBMITTED this 20th Day of October, 2009.


THE STROJNIK FIRM LLC



_____

Peter Kristofer Strojnik
Attorney for Plaintiff