**THE STROJNIK FIRM LLC**
**Attorneys at Law**
**Suite 1401**
**3030 North Central Avenue**
**Phoenix, Arizona 85012**
**(602) 297-3019**

Peter Kristofer Strojnik AZBN 026082 CABN 242728
strojnik@skplaw.com
Attorney for Plaintiff Dang Nguyen

**IN THE UNITED STATES DISTRICT COURT**

**IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE**

| | |
|---|---|
| DANG QUANG NGUYEN, a single man, ) | NO. 5:09-cv-03728-JW |
| ) | |
| Plaintiff, ) | **NOTICE OF MOTION AND MOTION** |
| ) | **FOR SANCTIONS AGAINST** |
| vs. ) | **DEFENDANT STATS CHIPPAC, LTD.** |
| ) | **AND ITS COUNSEL OF RECORD** |
| STATS CHIPPAC, INC., a Delaware ) | |
| Corporation; STATS CHIPPAC, LTD., a ) | *REQUEST FOR HEARING TO BE SET* |
| Singaporean Corporation, ) | *SAME DAY AS HEARING ON MOTION TO* |
| ) | *DISMISS* |
| Defendants. ) | |
| ) | Hearing Date:  September 20, 2010 |
| ) | Hearting Time:  9:00 a.m. |
| ) | |

NOTICE IS HEREBY GIVEN that Plaintiff shall move this Court for an order imposing sanctions on Defendant STATS ChipPAC, Ltd. and its local counsel of record pursuant to Rule 11 of the Federal Rules of Civil Procedure on September 20, 2010 at 9:00 a.m. in Judge Ware's courtroom in the San Jose court on the Northern District of California.

-1-

NOTICE IS FURTHER GIVEN that Plaintiff does respectfully request the Court to consolidate the hearing for this Motion with the hearing on Defendants' Motion to Dismiss (Docs. 59—60) because both are related.

## MOTION

Plaintiff Dang Quang Nguyen, by and through undersigned counsel, hereby moves this Court for an order imposing sanctions on Defendant STATS ChipPAC, Ltd. and its local counsel of record pursuant to Rule 11 of the Federal Rules of Civil Procedure. Several of Defendant Ltd.'s arguments in its Docs. 59-60 Motion to Dismiss egregiously misrepresent fact that is clearly available to all Parties and the Court.

WHEREFORE, Plaintiff respectfully requests sanctions be imposed on STATS ChipPAC, Ltd. and its local counsel pursuant to Fed. R. Civ. P. 11. Plaintiff further requests the hearing on this Motion be consolidated with the hearing on Defendants' Motion to Dismiss. This Motion is more fully supported by the below Memorandum of Points and Authorities, which by this reference is incorporated herein.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed a First Amended Complaint adding Defendant STATS ChipPAC, Ltd. as a defendant in the instant cause. (Doc. 35). Exhibit 1 to Doc. 35 is the Separation Agreement that is subject of these proceedings. After Plaintiff moved for alternative service due to lack of cooperation by STATS, Ltd.'s local counsel, and the Court granted said motion, Plaintiff served STATS, Ltd. Thereafter, Defendant STATS, Ltd. filed a Motion to Dismiss the First Amended Complaint. (Docs. 59-60). In Defendant's Motion, it argues that it is not liable allegedly based

solely on the premise that it allegedly never employed the Plaintiff. However, Exhibit 1 to the First Amended Complaint (Doc. 35) clearly demonstrates that STATS, Ltd. did in fact employ Plaintiff, to wit:

> This Confidential Separation Agreement and General Release of All Claims ("Separation Agreement") is made by and between STATS ChipPAC Ltd. (the "Company") and Dang Quang Nguyen ("Employee") with respect to the following facts:
>
> A.   Employee is currently employed by the Company.
>
> Dated: 2/12/2009        By: _____
>                              Dang Quang Nguyen
>                              STATS ChipPAC Ltd.
>
> Dated: 2/12/09          By: _____
>                              Gail Uy
>                              Human Resources Manager

## II. ARGUMENT AND SUPPORTING LAW

### A. STATS Ltd. and Its Counsel Misrepresented Easily Available Facts

Rule 11(b)(3) of the Federal Rules of Civil Procedure states:

> By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: …(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery…

Rule 11(c) permits the Court to order sanctions in the form of reasonable attorneys' fees if Rule 11(b) has been violated.

Here, there is no question that STATS, Ltd., through its counsel, misrepresented the truth to Plaintiff and the Court.  Defendant argues that it is allegedly not liable to Plaintiff on the premise that it allegedly never employed Plaintiff:  "Ltd., a Singaporean corporation, is Inc.'s parent company.  However, Ltd. never employed Plaintiff."  Doc. 60 at 11.  However, STATS, Ltd.'s local counsel could not reasonably certify that this factual contention is supported by the facts after reasonable inquiry because Exhibit 1 to Plaintiff's First Amended Complaint – <u>the Separation Agreement that is at the crux of this entire controversy</u> – states in the first paragraph that STATS, Ltd. did in fact employ Plaintiff.  Less than due diligence is required to verify this fact.  Instead, STATS, Ltd.'s local counsel ignored what is obvious and on the face of the most important exhibit in this case so far.  Local counsel must be sanctioned for this inappropriate misrepresentation of fact.

**B.  Plaintiff Seeks Attorneys' Fees Directly Resulting From Counsel's Violation**

Rule 11(c)(4) of the Federal Rules of Civil Procedure permits the Court to order "reasonable attorney's fees and other expenses directly resulting form the violation" of Rule 11(b).

Plaintiff's counsel bills out at $350.00 per hour, and he spent four hours researching legal authority to combat STATS, Ltd.'s argument before he realized Exhibit 1 to the First Amended Complaint demonstrated that STATS, Ltd. admitted that it employed Plaintiff.  Furthermore, Plaintiff spent three additional hours researching and preparing this Motion, and anticipates spending another two hours on the Reply.  Therefore, Plaintiff respectfully requests sanctions for the sum of THREE-THOUSAND ONE HUNDRED AND FIFTY DOLLARS ($3,150.00).

## III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court order sanctions against Defendant STATS ChipPAC, Ltd.'s local counsel in the amount of $3,150.00. A proposed form of Order will be filed.

RESPECTFULLY SUBMITTED this 31st Day of March, 2010.

THE STROJNIK FIRM LLC



Peter Kristofer Strojnik
3030 North Central Avenue
Suite 1401
Phoenix, Arizona 85012
Attorney for Plaintiff Dang Quang Nguyen