IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Dang Quang Nguyen, | NO. C 09-03728 JW |
|       Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS WITH LEAVE TO AMEND; DENYING ALL OTHER MOTIONS AS MOOT** |
|    v. | |
| Stats ChipPAC, Inc., et al., | |
|       Defendants. | |

## I. INTRODUCTION

Dang Quang Nguyen ("Plaintiff") brings this action against STATS ChipPAC, Inc. ("Inc.") and STATS ChipPAC, Ltd. ("Ltd.") (collectively "Defendants"), alleging, *inter alia*, violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, intentional misrepresentation, and fraud. Plaintiff alleges that he experienced daily hostility, harassment, and intimidation in the workplace on the basis of his race and national origin, which Defendants failed to take any action to redress, and that Defendants terminated him because he complained about the harassment.

Presently before the Court are Defendants' Motions to Dismiss Plaintiff's First Amended Complaint (collectively, "Motions").[1] The Court finds it appropriate to take the Motions under

---

[1] (STATS ChipPAC Inc.'s Motion to Dismiss, hereafter, "Inc.'s Motion," Docket Item No. 43; STATS ChipPAC Ltd.'s Motion to Dismiss, hereafter, "Ltd.'s Motion," Docket Item No. 60.) The Defendants separately filed Motions to Dismiss asserting the same grounds for dismissal. Ltd.'s Motion adds an additional ground for dismissal that Plaintiff fails to state a viable claim because Ltd. never employed him.

submission without oral argument.[2] See Civ. L.R. 7-1(b). Based on the papers submitted to date, the Court GRANTS in part and DENIES in part Defendants' Motions to Dismiss with leave to amend and DENIES all other Motions as moot.

## II. BACKGROUND

In a First Amended Complaint filed on January 7, 2010,[3] Plaintiff alleges as follows:

Plaintiff is of Vietnamese descent with an extremely limited command and understanding of the English language. (FAC ¶ 1.) STATS ChipPAC is an industry-leading, multi-billion dollar semiconductor company with offices in the United States, Singapore, Korea, Malaysia, and China. (Id. ¶ 2.) Defendants are STATS ChipPAC, Inc., a Delaware corporation and STATS ChipPAC, Ltd., a Singaporean corporation. (Id.) Plaintiff worked for Defendants in Santa Clara County, California, as an Equipment Maintenance Technician from September 29, 2002 until February 12, 2009. (Id. ¶¶ 2, 10.) From approximately 2005 until Plaintiff's termination date, Plaintiff experienced daily hostility, harassment, and intimidation from co-workers and supervisors based on his Vietnamese race and national origin. (Id. ¶ 11.)

On February 12, 2009, Plaintiff was presented with a Separation Agreement and General Release of All Claims ("Release Agreement"). (Id. ¶ 14.) The Release Agreement states in part that Plaintiff would receive a severance package totaling $10,368.36 in consideration for a release of all claims against Defendants, known or unknown, relating to Plaintiff's employment. (Id.) Plaintiff advised Defendants that he did not understand the terms of the Release Agreement and questioned whether he would be precluded from asserting his rights or any claims against Defendants. (Id. ¶ 16.) Defendants assured Plaintiff that signing the Release Agreement would not affect his rights or any claims he had against Defendants. (Id.) Plaintiff believed he was signing a "general severance package"

---

[2] In light of this Order, the Court DENIES the parties' Motions to Continue the hearing as moot. (See Docket Item Nos. 65, 71.)

[3] (hereafter, "FAC," Docket Item No. 35.)

document and did not know that he was waiving his rights to any claims against Defendants. (Id. ¶ 20.)

On the basis of the allegations outlined above, Plaintiff alleges seven causes of action: (1) Hostile Work Environment in Violation of Title VII, 42 U.S.C. §§ 2000e, *et seq.*; (2) Retaliation in Violation of Title VII, 42 U.S.C. §§ 2000e, *et seq.*; (3) Declaration of Ineffective Release of Federal Claims pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2001, *et seq.*; (4) Declaration of Ineffective Release of State Claims pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2001, *et seq.*; (5) Intentional Infliction of Emotional Distress; (6) Intentional Misrepresentation; and (7) Fraud.

Presently before the Court are Defendants' Motions to Dismiss.

### III.  STANDARDS

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed against a defendant for failure to state a claim upon which relief may be granted against that defendant. Dismissal may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990); Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir. 1984). For purposes of evaluating a motion to dismiss, the court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987). Any existing ambiguities must be resolved in favor of the pleading. Walling v. Beverly Enters., 476 F.2d 393, 396 (9th Cir. 1973).

However, mere conclusions couched in factual allegations are not sufficient to state a cause of action. Papasan v. Allain, 478 U.S. 265, 286 (1986); see also McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988). The complaint must plead "enough facts to state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Thus, "for a complaint to survive a motion to dismiss, the non-conclusory

3

1 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a
2 claim entitling the plaintiff to relief." Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).
3 Courts may dismiss a case without leave to amend if the plaintiff is unable to cure the defect by
4 amendment. Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000).

## IV. DISCUSSION

Defendants move to dismiss all of Plaintiff's causes of action on the ground that the Release Agreement expressly bars any claims by Plaintiff against Defendants relating to Plaintiff's employment. (Inc.'s Motion at 5-12; Ltd.'s Motion at 4-11.) In the alternative, Defendants move to dismiss Plaintiff's claims on the ground that Plaintiff fails to allege sufficient facts to constitute any claim against Defendants. (Inc.'s Motion at 12-16; Ltd.'s Motion at 11-13.) Further, Ltd. moves to dismiss Plaintiff's Complaint on the ground that Ltd. never employed Plaintiff.[4] (Ltd.'s Motion at 11-12.)

### A. Release Agreement

Defendants move to dismiss Plaintiff's Complaint on the ground that the Release Agreement expressly bars any claims by Plaintiff against Defendants relating to Plaintiff's employment. (Inc.'s Motion at 5-12; Ltd.'s Motion at 4-11.) Plaintiff contends that the release was not knowing and

---

[4] The Court rejects this argument based on the plain language of the Release Agreement, which states, "This Confidential Separation Agreement and General Release of All Claims . . . is made by and between STATS ChipPAC Ltd. (the "Company") and Dang Quang Nguyen ("Employee") [and] Employee is currently employed by the Company." (Release Agreement, Inc.'s Motion, Ex. 1.) Plaintiff moves the Court to impose sanctions against Defendant Ltd. and its counsel pursuant to Fed. R. 11(b)(3) on the ground that Defendants' contention that Ltd. never employed Plaintiff has no evidentiary support, which can be ascertained through simple inspection of the Release Agreement. (See Motion for Sanctions Against Defendant Stats Chippac, Ltd. and its Counsel of Record, Docket Item No. 69.) Rule 11(b)(3) provides:
> By presenting to the court a pleading, written motion, or other paper . . . an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

Here, the Court finds that Ltd.'s status as the parent company of Inc. provides at least some basis for Defendants to contend in good faith that Inc., and not Ltd., was Plaintiff's employer. Thus, the Court DENIES Plaintiff's Motion for Sanctions.

4

voluntary based on his limited understanding of English coupled with Defendants' alleged misrepresentations as to the content of the waiver.[5]

A release of claims only applies if the release was a "voluntary, deliberate, and informed" waiver. Stroman v. West Coast Grocery Co., 884 F.2d 458, 462 (9th Cir. 1989). This determination is "predicated upon an evaluation of several indicia arising from the circumstances and conditions under which the release was executed." Id. "Of primary importance in this calculation is the clarity and lack of ambiguity of the agreement, the plaintiff's education and business experience, the presence of a noncoercive atmosphere for the execution of the release, and whether the employee had the benefit of legal counsel." Id.

Here, Plaintiff alleges:

> Plaintiff's command and understanding of the English language is extremely limited. (FAC ¶ 1.) Plaintiff advised Defendants that he did not understand the terms of the Release Agreement and questioned whether executing the Release Agreement would preclude him from asserting his Title VII rights or any other claims he had against Defendants. (Id. ¶ 16.) Defendants pressured Plaintiff to execute the Release Agreement and represented to him that he would not relinquish his Title VII rights or any other grievances he believed he had against Defendants. (Id. ¶ 15.)

Accepting all allegations as true, Plaintiff's alleged limited understanding of the English language indicates that Plaintiff did not have the requisite "education and business experience" to voluntarily enter into the Release Agreement.[6] In addition, the only direction to seek counsel was present in the Release Agreement, which Plaintiff allegedly advised Defendants he did not understand. Moreover, Plaintiff alleges he was pressured into executing the Release Agreement and that Defendants misrepresented its contents, which indicates a coercive atmosphere. Thus, the Court finds that Plaintiff has alleged sufficient facts that if proven to be true, would show that he did not

---

[5] (Plaintiff's Response in Opposition to Defendants' Motions to Dismiss, hereafter, "Opposition," Docket Item No. 62.)

[6] Plaintiff's Opposition adds that his education is at an eighth-grade level, which he obtained in Vietnam, with further education limited to trade classes. (Opposition at 6.) Although Plaintiff did not allege this fact in his Complaint, Plaintiff has represented that he will include this allegation in an Amended Complaint. (Id.)

5

knowingly and voluntarily enter into the Release Agreement based on the circumstances and conditions under which it was executed.

Defendants contend that Northern District courts have routinely rejected the argument that an individual automatically lacks the ability to understand a document that the individual executed because English is not that person's first language.[7] See Akhavein v. Argent Mortgage Co., No. 09-0634, 2009 WL 3706822 (N.D. Cal. Nov. 4, 2009); Aikins v. Tosco Refining Co., No. 98-0755, 1999 WL 179686, (N.D. Cal. Mar. 26, 1999); Ryles v. Palace Hotel, No. 04-5326, 2006 WL 2850025 (N.D. Cal. Oct. 4, 2006). The Court finds these cases distinguishable and inapposite.

In Ryles, the plaintiff was represented by counsel and the court found that her position as an Accounts Receivable Clerk "most likely requires some education," which offset the fact that English was not her first language. 2006 WL 2850025, at *2. The language issue in Aikins was decided on summary judgment, after the court found that the plaintiff obtained formal instruction in English and English language classes and had previously completed complex forms and understood contract terms. 1999 WL 179686, at *3. Finally, in Akhavein, the only case of the three decided on a motion to dismiss, the court found that the plaintiffs failed to allege that they did not understand English and thus the fact that Farsi was their primary language was unavailing. 2009 WL 3706822, at *2.

Here, Plaintiff's position as an Equipment Maintenance Technician does not appear to be one which requires any advanced education. Plaintiff's only education, as represented in the Opposition, is an eighth-grade level acquired in Vietnam. Further, Plaintiff alleges that he has an extremely limited command and understanding of the English language. Thus, in contrast to the factual circumstances at issue in Defendants' cases, the allegations here of Plaintiff's limited education and understanding of English, in conjunction with an alleged coercive atmosphere, if proven to be true, would show that he did not voluntarily enter into the Release Agreement.

Defendants also contend that Plaintiff ratified the Release Agreement by keeping the money he received in his severance package. (Inc.'s Motion at 11-12; Ltd.'s Motion at 10-11.) However,

---

[7] (Defendants' Reply to Plaintiff's Response to Motion to Dismiss, hereafter, "Reply," Docket Item No. 67.)

6

Plaintiff alleges that he did not understand the terms of the Release Agreement and instead believed he was signing a "general severance package" document. (FAC ¶¶ 16, 20.) The Court finds that the same allegations that support a finding that Plaintiff did not knowingly and voluntarily execute the Release Agreement would support a finding that Plaintiff's retention of the severance pay does not constitute a ratification of the Release Agreement. Any unfairness which would result from Plaintiff retaining the benefits of the severance while also collecting damages can be mitigated by offsetting any damage amount by the severance pay already received. See Rangel v. El Paso Natural Gas Co., 996 F. Supp. 1093, 1099 (D.N.M. 1998).

Accordingly, the Court DENIES Defendants' Motions to Dismiss on the ground that the Release Agreement expressly bars any claims by Plaintiff.

### B. Sufficiency of Plaintiff's Allegations

In the alternative, Defendants move to dismiss Plaintiff's Complaint on the ground that it fails to allege sufficient facts to support any of the claims asserted. (Inc.'s Motion at 12; Ltd.'s Motion at 13.) The Court addresses Plaintiff's claims in turn.

#### 1. Title VII

Defendants move to dismiss Plaintiff's Title VII claims for hostile work environment and retaliation on the ground that Plaintiff fails to allege sufficient facts to support either claim. (Inc.'s Motion at 12-13; Ltd.'s Motion at 13-14.)

To prevail on a hostile work environment claim premised on race, a plaintiff must show: (1) that he was subject to verbal or physical conduct of a racial nature; (2) that the conduct was unwelcome; and (3) that the conduct was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create an abusive work environment. Gregory v. Widnall, 153 F.3d 1071, 1074 (9th Cir. 1998). For retaliation, a plaintiff must demonstrate: (1) plaintiff engaged in a protected activity; (2) the employer subjected the plaintiff to an adverse employment action; and (3) a causal link exists between the protected activity and the adverse action. Ray v. Henderson, 217 F.3d 1234, 1240 (9th Cir. 2000).

7

Here, Plaintiff alleges:

> From approximately 2005 until Plaintiff's termination date, Plaintiff experienced daily hostility, harassment and intimidation from co-workers and supervisors based on his Vietnamese race and national origin. Plaintiff engaged in protected activities through informal complaints about the harassment to his supervisors. The supervisors did not take any action to redress the harassment Plaintiff suffered from his co-workers because of his race, national origin and their belief that Plaintiff would not take any action because of his lack of knowledge of the United States legal system and general society. Plaintiff did not welcome the harassment, hostility, and intimidation from his co-workers, which caused an abusive and hostile working environment for him. Ultimately, because of Plaintiff's repeated complaints about the hostility to which he was exposed daily he was terminated from his employment. (FAC ¶¶ 11-13.)

The Court finds that Plaintiff does not adequately allege facts to support a claim for hostile work environment. Plaintiff contends that the allegations regarding verbal conduct, daily hostility, harassment and intimidation are sufficient. (Opposition at 4.) However, Plaintiff's allegations suffer from being overly vague and general. These general allegations do not amount to "enough facts to state a claim for relief that is plausible on its face." Twombly, 550 U.S. at 570. In addition, while Plaintiff alleges that the conduct was pervasive, he does not allege how the conduct altered the conditions of his employment. Thus, the Court finds that Plaintiff does not plead enough facts to support his hostile work environment claim.

Similarly, the Court finds that Plaintiff does not adequately allege facts to support a retaliation claim. Plaintiff's general allegations regarding informal complaints do not include any information as to the substance of those complaints. In addition, Plaintiff does not provide any indication of when his termination occurred relative to when he lodged his informal complaints. As a result, Plaintiff's allegations do not establish a causal connection between the informal complaints and his termination. Thus, the Court finds that Plaintiff does not allege sufficient facts to establish a claim for retaliation.

In his Opposition, Plaintiff relies on Equal Employment Opportunity Commission v. Hacienda Hotel[8] for the proposition that informal complaints to a supervisor are protected activities. (Opposition at 4.) The Court finds this case inapposite to its determination that Plaintiff does not

---

[8] 881 F.2d 1504, 1514 (9th Cir. 1989).

allege a causal connection between the informal complaints and his termination. In addition, the court in Hacienda relied on facts specifically indicating to whom the plaintiff complained and what she was complaining about. See 881 F.2d at 1507. Plaintiff's allegations do not provide any of this information beyond a very general level.

Accordingly, the Court GRANTS Defendants' Motions to Dismiss Plaintiff's First and Second Causes of Action for Violations of Title VII with leave to amend.

### 2.   Fraud

Defendants move to dismiss Plaintiff's fraud claim on the ground that Plaintiff fails to meet the heightened pleading requirements of Fed. R. Civ. P 9(b). (Inc.'s Motion at 16; Ltd.'s Motion at 17.)

Fed. R. Civ. P. Rule 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Allegations under Rule 9(b) must be stated with "specificity including an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007); Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994). The pleading must be "specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation omitted).

Here, Plaintiff alleges:

> Defendants represented to Plaintiff that by signing the Release Agreement, he would not relinquish his Title VII rights or any other grievances he believed he had against Defendants. (FAC ¶ 15.) Defendants made these representations knowing they were not true. (Id.) Defendants made a false representation with scienter or knowledge of its falsity and with the intent to induce Plaintiff's reliance on the representation. (Id. ¶¶ 56-57.)

The Court finds that Plaintiff's allegations do not meet the heightened pleading standard for claims based in fraud. Absent are allegations as to when the alleged false representations were made, who made them, or where they were made. Without these specifics, Defendants are not on notice of the particular misconduct alleged. Thus, the Court finds that Plaintiff's claims that sound in fraud do not meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b).

9

Accordingly, the Court GRANTS Defendants' Motions to Dismiss Plaintiff's Sixth and Seventh Causes of Action for Intentional Misrepresentation and Fraud with leave to amend.

In sum, the Court finds the Plaintiff's remaining allegations suffer from similar defects and are merely "conclusions couched in factual allegations." Papasan, 478 U.S. at 286. Accordingly, the Court GRANTS Defendants' Motions to Dismiss Plaintiff's Complaint with leave to amend.

## V. CONCLUSION

The Court GRANTS in part and DENIES in part Defendants' Motions to Dismiss Plaintiff's Complaint with leave to amend. On or before **May 3, 2010**, Plaintiff shall file an amended complaint consistent with this Order.

All other Motions are DENIES as moot.

Dated: April 14, 2010

JAMES WARE
United States District Judge

10

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Aaron Arnold Roblan aaron.roblan@ogletreedeakins.com
Gregory Clement Cheng gregory.cheng@ogletreedeakins.com
Peter Kristofer Strojnik strojnik@skplaw.com
Thomas Michael McInerney tmm@ogletreedeakins.com

**Dated:  April 14, 2010**                                    **Richard W. Wieking, Clerk**

                                                              **By:      /s/ JW Chambers
                                                                        Elizabeth Garcia
                                                                        Courtroom Deputy**