1  AARON ROBLAN, State Bar No. 244308
   aaron.roblan@ogletreedeakins.com
2  GREGORY C. CHENG, State Bar No. 226865
   gregory.cheng@ogletreedeakins.com
3  OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
   Steuart Tower, Suite 1300
4  One Market Plaza
   San Francisco, California 94105
5  Telephone:    (415) 442-4810
   Facsimile:    (415) 442-4870
6
7  Attorneys for Defendants
   STATS CHIPPAC, INC. AND STATS CHIPPAC, LTD.

8              **UNITED STATES DISTRICT COURT**

9       **NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

10

11 DANG QUANG NGUYEN, a married man,          Case No. 5:09-cv-03728-JW

12              Plaintiff,                     **DEFENDANT STATS CHIPPAC, INC.'S
                                               FIRST AMENDED ANSWER AND**
13      v.                                     **COUNTER-COMPLAINT FOR:**

14 STATS CHIPPAC INC., a Delaware             **1.    BREACH OF WRITTEN
   Corporation; STATS CHIPPAC, LTD., a               CONTRACT**
15 Singaporean corporation,                   **2.    FRAUD
                                               3.    NEGLIGENT**
16              Defendants.                    **      MISREPRESENTATION**

17

18 STATS CHIPPAC, INC., a Delaware
   corporation,
19
20              Counter-Complainant,

21      v.

22 DANG QUANG NGUYEN, an individual; and
   DOES 1 through 25, inclusive,
23
24              Counter-Defendants.

25 ///

26 ///

27 ///

28 ///

Defendant and Counter-Complainant STATS ChipPAC, Inc. ("Defendant") hereby files its Answer to Plaintiff and Counter-Defendant Dang Nguyen's ("Plaintiff") Second Amended Complaint ("Complaint"), and would respectfully show the Court as follows:

**PARTIES**

1.      In response to paragraph 1 of the Complaint, Defendant objects to various terms and phrases including "extremely limited" on the basis that they are vague, ambiguous, and unintelligible.  Defendant denies the allegation that Plaintiff's command and understanding of the English language is "extremely limited."  Defendant is without sufficient knowledge or information to form a belief as to the remaining allegations, and on that basis it denies these allegations.

2.      In response to paragraph 2 of the Complaint, Defendant objects to various terms and phrases including "acts" on the basis it is vague, ambiguous, and unintelligible.  Defendant admits that it is incorporated and duly organized under the laws of the State of Delaware and that is it authorized to and is conducting business in the County of Santa Clara and the State of California. Defendant further admits that Defendant STATS ChipPAC, Ltd. is a corporation located in the country of Singapore.  Defendant denies that it has offices in Singapore, Korea, Malaysia, and China.  Defendant further denies that it is liable for any alleged acts, that any acts even occurred, or that STATS ChipPAC, Ltd. is liable for any alleged acts of Defendant's employees.  Defendant also denies that STATS ChipPAC, Ltd. was Plaintiff's employer.  Defendant is without sufficient knowledge or information to form a belief as to the remaining allegations, and on that basis it denies these allegations.

**JURISDICTION AND VENUE**

3.      In response to paragraph 3 of the Complaint, Defendant admits Plaintiff is bringing claims pursuant to Title VII of the Civil Rights Act of 1964, as amended.  However, Defendant denies the allegations or that any violation of any statute.

4.      In response to paragraph 4 of the Complaint, Defendant admits that Plaintiff seeks the listed relief and damages.  Defendant denies that Plaintiff is entitled to the same.

5.      In response to paragraph 5 of the Complaint, Defendant is without sufficient

knowledge or information to form a belief as to the allegations, and on that basis it denies these allegations.

6.    In response to paragraph 6 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the allegations, and on that basis it denies these allegations.

7.    In response to paragraph 7 of the Complaint, Defendant admits that this Court has jurisdiction.  Defendant is without sufficient knowledge or information to form a belief as to the remaining allegations, and on that basis it denies these allegations.

8.    In response to paragraph 8 of the Complaint, Defendant admits that Plaintiff also brought state claims.  Defendant denies the allegations.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

9.    In response to paragraph 9 of the Complaint, Defendant incorporates its responses in the foregoing paragraphs.

10.    In response to paragraph 10 of the Complaint, Defendant admits that Plaintiff began his employment at STATS ChipPAC, Inc. on or about April 23, 2003 as a test equipment maintenance technician.  Defendant further admits that Plaintiff's employment was terminated on February 12, 2009.  Defendant denies the remaining allegations.

11.    In response to paragraph 11 of the Complaint, Defendant denies these allegations.

12.    In response to paragraph 12 of the Complaint, Defendant denies these allegations.

13.    In response to paragraph 13 of the Complaint, Defendant denies that Plaintiff complained about any conduct violated Title VII of the Civil Rights Act of 1964, as amended. Defendant denies the remaining allegations.

14.    In response to paragraph 14 of the Complaint, Defendant denies that Plaintiff complained about any conduct violated Title VII of the Civil Rights Act of 1964, as amended. Defendant denies the remaining allegations.

15.    In response to paragraph 15 of the Complaint, Defendant denies these allegations.

16.    In response to paragraph 16 of the Complaint, Defendant admits that on February 12, 2009, Gail Uy, an employee of STATS ChipPAC, Inc., presented Plaintiff with a document

1  entitled Separation Agreement and General Release of all Claims ("Agreement").  The document

2  speaks for itself as to its contents.  Defendant denies the remaining allegations.

3      17.    In response to paragraph 17 of the Complaint, Defendant admits that Plaintiff was

4  presented with the Agreement while at STATS ChipPAC, Inc.  Defendant further admits that Mark

5  Kelley and Le Nguyen were present during this meeting.  Defendant denies the remaining

6  allegations.

7      18.    In response to paragraph 18 of the Complaint, Defendant denies these allegations.

8      19.    In response to paragraph 19 of the Complaint, Defendant denies these allegations.

9      20.    In response to paragraph 20 of the Complaint, Defendant denies these allegations.

10     21.    In response to paragraph 21 of the Complaint, Defendant denies these allegations.

11     22.    In response to paragraph 22 of the Complaint, Defendant denies these allegations.

12     23.    In response to paragraph 23 of the Complaint, Defendant admits that it did not offer

13 to translate the Agreement or provide a translator to Plaintiff.  Defendant denies the remaining

14 allegations.

15     24.    In response to paragraph 24 of the Complaint, Defendant is without sufficient

16 knowledge or information to form a belief as to the allegations, and on that basis it denies these

17 allegations.

18                      **COUNT ONE**
19         **(VIOLATION OF TITLE VII – HOSTILE WORK ENVIRONMENT)**

20     25.    In response to paragraph 25 of the Complaint, Defendant incorporates its responses

21 in the foregoing paragraphs.

22     26.    In response to paragraph 26 of the Complaint, Defendant denies these allegations.

23     27.    In response to paragraph 27 of the Complaint, Defendant denies that engaged in any

24 unlawful conduct.  Defendant is without sufficient knowledge or information to form a belief as to

25 the allegations, and on that basis it denies these allegations.

26     28.    In response to paragraph 28 of the Complaint, Defendant denies these allegations or

27 that Plaintiff is entitled to recover any damages.

28

**COUNT TWO**
**(VIOLATION OF TITLE VII – RETALIATION)**

29.     In response to paragraph 29 of the Complaint, Defendant incorporates its responses in the foregoing paragraphs.

30.     In response to paragraph 30 of the Complaint, Defendant denies these allegations.

31.     In response to paragraph 31 of the Complaint, Defendant denies that engaged in any unlawful conduct.  Defendant is without sufficient knowledge or information to form a belief as to the allegations, and on that basis it denies these allegations.

32.     In response to paragraph 32 of the Complaint, Defendant denies these allegations or that Plaintiff is entitled to recover any damages.

**COUNT THREE**
**(DECLARATION OF INEFFECTIVE RELEASE OF FEDERAL CLAIMS)**

33.     In response to paragraph 33 of the Complaint, Defendant incorporates its responses in the foregoing paragraphs.

34.     In response to paragraph 34 of the Complaint, Defendant admits that the Complaint states that Plaintiff is bringing this Count pursuant to the Federal Declaratory Judgment Act.

35.     In response to paragraph 35 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the allegations, and on that basis it denies these allegations.

36.     In response to paragraph 36 of the Complaint, Defendant admits these allegations.

37.     In response to paragraph 37 of the Complaint, Defendant admits that this is what counsel for Plaintiff has alleged.  However, Defendant denies that the waiver was ineffective.

**COUNT FOUR**
**(DECLARATION OF INEFFECTIVE RELEASE OF STATE CLAIMS)**

38.     In response to paragraph 38 of the Complaint, Defendant incorporates its responses in the foregoing paragraphs.

39.     In response to paragraph 39 of the Complaint, Defendant admits that the Complaint states that Plaintiff is bringing this Count pursuant to the Federal Declaratory Judgment Act.

40.     In response to paragraph 40 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the allegations, and on that basis it denies these allegations.

41.     In response to paragraph 41 of the Complaint, Defendant admits these allegations.

42.     In response to paragraph 42 of the Complaint, Defendant admits that this is what Plaintiff has alleged in his Complaint.  However, Defendant denies these allegations.

43.     In response to paragraph 43 of the Complaint, Defendant admits that this is what Plaintiff has alleged in his Complaint.  However, Defendant denies these allegations.

44.     In response to paragraph 44 of the Complaint, Defendant admits that this is what Plaintiff has alleged in his Complaint.  However, Defendant denies these allegations.

45.     In response to paragraph 45 of the Complaint, Defendant denies these allegations.

**COUNT FIVE**
**(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**LIABILITY THROUGH RATIFICATION AND RESPONDEAT SUPERIOR)**

46.     In response to paragraph 46 of the Complaint, Defendant incorporates its responses in the foregoing paragraphs.

47.     In response to paragraph 47 of the Complaint, Defendant denies these allegations.

48.     In response to paragraph 48 of the Complaint, Defendant denies that it engaged in any unlawful conduct that caused Plaintiff to suffer emotional distress.  Defendant is without sufficient knowledge or information to form a belief as to the remaining allegations, and on that basis it denies these allegations.

49.     In response to paragraph 49 of the Complaint, Defendant denies these allegations or that Plaintiff is entitled to any damages.

50.     In response to paragraph 50 of the Complaint, Defendant denies these allegations.

51.     In response to paragraph 51 of the Complaint, Defendant denies these allegations.

52.     In response to paragraph 52 of the Complaint, Defendant denies these allegations or that Plaintiff is entitled to any damages.

CASE NO. 5:09-cv-03728-JW
DEFENDANT STATS CHIPPAC, INC.'S FIRST AMENDED ANSWER AND COUNTER-COMPLAINT

9313602_2.DOC

**COUNT SIX**
**(INTENTIONAL MISREPRESENTATION)**

53.     In response to paragraph 53 of the Complaint, Defendant incorporates its responses in the foregoing paragraphs.

54.     In response to paragraph 54 of the Complaint, Defendant denies these allegations.

55.     In response to paragraph 55 of the Complaint, Defendant denies these allegations.

56.     In response to paragraph 56 of the Complaint, Defendant denies that it engaged in any unlawful conduct.  Defendant is without sufficient knowledge or information to form a belief as to the remaining allegations, and on that basis it denies these allegations.

57.     In response to paragraph 57 of the Complaint, Defendant denies these allegations or that Plaintiff is entitled to any damages.

**COUNT SEVEN**
**(FRAUD)**

58.     In response to paragraph 58 of the Complaint, Defendant incorporates its responses in the foregoing paragraphs.

59.     In response to paragraph 59 of the Complaint, Defendant denies these allegations.

60.     In response to paragraph 60 of the Complaint, Defendant denies these allegations.

61.     In response to paragraph 61 of the Complaint, Defendant denies these allegations.

62.     In response to paragraph 62 of the Complaint, Defendant denies that it engaged in any unlawful conduct.  Defendant is without sufficient knowledge or information to form a belief as to the remaining allegations, and on that basis it denies these allegations.

63.     In response to paragraph 63 of the Complaint, Defendant denies these allegations or that Plaintiff is entitled to any damages.

**RELIEF REQUESTED**

1.     In response to paragraph 1 of the relief requested, Defendant admits that Plaintiff seeks the listed relief.  Defendant denies these allegations and that Plaintiff is entitled to any declaratory relief.

2.     In response to paragraph 2 of the relief requested, Defendant admits that Plaintiff seeks the listed relief.  Defendant denies these allegations and that Plaintiff is entitled to such

1  declaratory relief.

2       3.     In response to paragraph 3 of the relief requested, Defendant admits that Plaintiff

3  seeks the listed relief and damages.  Defendant denies that Plaintiff is entitled to the same.

4       4.     In response to paragraph 4 of the relief requested, Defendant admits that Plaintiff

5  seeks the listed relief and damages.  Defendant denies that Plaintiff is entitled to the same.

6       5.     In response to paragraph 5 of the relief requested, Defendant admits that Plaintiff

7  seeks the listed relief and damages.  Defendant denies that Plaintiff is entitled to the same.

8       6.     In response to paragraph 6 of the relief requested, Defendant admits that Plaintiff

9  seeks the listed relief and damages.  Defendant denies that Plaintiff is entitled to the same.

10       7.     In response to paragraph 7 of the relief requested, Defendant admits that Plaintiff

11  seeks the listed relief.  Defendant denies that Plaintiff is entitled to the same.

12       8.     In response to paragraph 8 of the relief requested, Defendant admits that Plaintiff

13  seeks the listed relief.  Defendant denies that Plaintiff is entitled to the same.

14  **AFFIRMATIVE DEFENSES**

15  **FIRST AFFIRMATIVE DEFENSE**

16  Plaintiff's Complaint fails to state facts sufficient to constitute a valid claim against

17  Defendant.

18  **SECOND AFFIRMATIVE DEFENSE**

19  Plaintiff's Complaint is barred by the applicable statute of limitations.

20  **THIRD AFFIRMATIVE DEFENSE**

21  Plaintiff failed to reasonably mitigate his damages, if any.

22  **FOURTH AFFIRMATIVE DEFENSE**

23  Plaintiff's exclusive remedy for any alleged damages is governed by the California

24  Workers' Compensation Act.  Cal. Labor Code §§ 3200 et seq.

25  **FIFTH AFFIRMATIVE DEFENSE**

26  Defendant's conduct was a just and proper exercise of managerial discretion, undertaken

27  for fair and honest reasons, comporting with good faith under the circumstances then existing, and

28  was privileged and justified.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by his failure to exhaust his administrative remedies.

**SEVENTH AFFIRMATIVE DEFENSE**

By his own actions, Plaintiff has waived and is therefore estopped from bringing any claim for relief against Defendant.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by accord and satisfaction.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by a valid, enforceable release agreement.

**TENTH AFFIRMATIVE DEFENSE**

Defendant exercised reasonable care to prevent and correct promptly any purportedly harassing behavior, and to the extent Plaintiff unreasonably failed to take advantage of any preventative and/or corrective opportunities provided by Defendant or to avoid harm otherwise, Plaintiff's claim is barred.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

**TWELVTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state facts sufficient to support a claim for punitive damages.

**WHEREFORE**, Defendant prays for judgment as follows:

1.    That Plaintiff take nothing by way of his Complaint;

2.    That the Complaint be dismissed with prejudice;

3.    That the Court enters judgment for Defendant and against Plaintiff on all his alleged claims;

4.    That the Court award Defendant its costs of suit; and

5.    The Court grants Defendant such other and further relief as the Court deems just and proper.

1

**COUNTER-COMPLAINT**

2      Defendant and Counter-Complainant STATS ChipPAC, Inc. ("STATS") a Delaware

3  corporation, for its Counter-Complaint alleges, upon personal knowledge with respect to itself and

4  its own acts, and upon information and belief as to all other matters, as follows:

5

**NATURE OF THE ACTION**

6      1.     STATS brings this lawsuit to remedy the breach of written contract, fraud, and

7  negligent misrepresentation by its former employee, Plaintiff and Counter-Defendant Dang Quang

8  Nguyen ("Nguyen") and DOES 1 through 25 (collectively "Counter-Defendants").

9      2.     In this action, Defendant seeks to recover its property and prevent Counter-

10  Defendants from unjustly enriching themselves through Nguyen's fraudulent conduct and breach

11  of his contractual duties owed to STATS.  STATS also seeks to recover compensatory damages for

12  the losses proximately caused by Counter-Defendants' wrongful conduct and punitive damages to

13  punish Counter-Defendants for their fraudulent and malicious acts.

14

**PARTIES**

15      3.     STATS is incorporated in the State of Delaware duly admitted to do business in the

16  State of California and doing business in Santa Clara County with standing to bring the claims

17  which are alleged on its behalf herein.

18      4.     STATS is informed and believes, and based thereon alleges, that Nguyen is an

19  individual residing in San Jose, California, County of Santa Clara.  STATS is informed and

20  believes and on that basis alleges that Nguyen was at all relevant times, and still is, an individual

21  residing or domiciled in the State of California.

22      5.     STATS does not know the true names and capacities, whether individual, corporate,

23  associate or otherwise of Counter-Defendants DOES 1 through 25, inclusive.  STATS sues said

24  Counter-Defendants by such fictitious names and prays leave to amend this Counter-Complaint

25  when the true names and capacities of said Counter-Defendants have been ascertained.  STATS is

26  informed and believes and thereon alleges said Counter-Defendants conducted, participated in, or

27  are responsible for the acts set forth herein and STATS is further informed and believes and

28  thereon alleges that some or all of the said DOE Counter-Defendants are in combination, agency,

1   or joint venture relationships with Nguyen.  The names, capacities and relationships of DOES 1

2   through 25 will be alleged by amendment to this Counter-Complaint when the same is known.

3       6.      STATS is informed and believes and thereon alleges that at all times herein

4   mentioned, Nguyen and each DOE were acting within the scope and course of their authority and

5   each Counter-Defendant ratified, authorized and approved of the acts of each other Counter-

6   Defendant.

7                                   **JURISDICTION**

8       7.      The jurisdiction of this Court over the subject matter of Plaintiff's complaint is

9   conferred under section 706(f)(3) if Title VII of the Civil Rights Act of 1964, as amended ("Title

10  VII"), 42 U.S.C. section 2003-5(f)(3).  This Court also has supplemental jurisdiction over

11  Nguyen's state claims pursuant to 28 U.S.C. 1367.

12      8.      STATS' instant state claims are part of the same common nucleus of operative facts

13  that make up Nguyen's underlying Complaint.  Therefore, the Court has supplemental jurisdiction

14  pursuant to 28 U.S.C. section 1367.  STATS' instant state claims do not raise any novel or complex

15  issues of state law, and such claims will not substantially predominate over Nguyen's principal

16  Title VII claims.

17                              **GENERAL ALLEGATIONS**

18      9.      On April 23, 2003, STATS hired Nguyen as a test equipment maintenance

19  technician for its test services division.  Nguyen worked at STATS' Milpitas, California location.

20      10.     In or around February 2009, due to the deteriorating global economic conditions,

21  STATS made the difficult choice of having to downsize its workforce.   Over the last few years,

22  STATS has had to lay off a substantial portion of its workforce across the country, including the

23  permanent shut down of facilities.  Nguyen was selected for termination as part of the reduction in

24  force based on non-discriminatory, legitimate reasons.

25      11.     On February 12, 2009, STATS employees, Mark Kelley, Le Nguyen, and Gail Uy

26  met with Nguyen to inform him of the termination.  Uy informed Nguyen that he had been selected

27  for layoff as part of the STATS' reduction in force.  During the meeting, Uy presented Nguyen

28  with a Confidential Separation Agreement and General Release of All Claims ("release

1    agreement").

2        12.    STATS offered Nguyen a severance package worth $11,736.36 in exchange for his

3    general release of known and unknown claims. Nguyen had no prior entitlement to any portion of

4    the severance package.

5        13.    Uy advised Nguyen to take the release agreement home to review. She also told

6    him to seek the advice of an attorney to review the release agreement. Furthermore, Uy told

7    Nguyen that he had 45 days in which to consider the release agreement, and that he had the option

8    of bringing it back any time before then. At no time did Uy or any other STATS representative

9    coerce him to sign the release agreement at the meeting.

10       14.    During this meeting, Nguyen never asked any questions about the release

11   agreement, including whether he was waiving any of his state, federal, Title VII, or any type of

12   rights. There was never any discussion about Title VII or other rights. There also was never a

13   discussion at the meeting about whether the severance payment represented compensation for "past

14   work" that Nguyen had performed, which he was not paid for.

15       15.    At no time did Nguyen ever state that he did not understand the release agreement.

16   He never indicated that he needed a translator to assist in interpreting the release agreement. He

17   has never indicated an alleged inability to understand or communicate in English. Uy explicitly

18   informed Nguyen during the meeting to seek the advice of counsel before executing the release

19   agreement. In fact, Nguyen said that he understood the current economic conditions and thanked

20   everyone for the opportunity to work at STATS.

21       16.    Nguyen took the release agreement and subsequently returned a signed copy

22   (indicating his acceptance) of the release agreement to STATS. Nguyen never revoked his

23   acceptance under the terms of the release agreement.

24       17.    Thereafter, STATS made payment to Nguyen for the amount due under the release

25   agreement. Nguyen retained the payments because he never returned any amount back of the

26   severance back to STATS.

27       18.    In executing the written release agreement, Nguyen contractually agreed to not sue

28   STATS or its parent company (STATS ChipPAC, Ltd.) for any known or unknown claims arising

1   from his employment with STATS, including, but not limited to claims pursuant to Title VII, and

2   all state and federal claims. Nguyen's agreement to release STATS from all known or unknown

3   claims was knowing and voluntary.

4        19.    On or about August 14, 2009, Nguyen, in *pro per*, breached the written release

5   agreement by filing a lawsuit against STATS (and subsequently amending the complaint to allege

6   claims against STATS ChipPAC, Ltd.) for claims arising from his employment and termination

7   thereof. Nguyen exhausted his administrative remedies before the Equal Employment Opportunity

8   Commission ("EEOC"), communicated with the EEOC about his claim, sent out demand letters,

9   and filed the underlying lawsuit. All of this was done in the English language and on information

10  and belief, without the assistance of an attorney.

11       20.    Each of Nguyen's claims against STATS is explicitly covered by the release

12  agreement. .

13       21.    Nguyen made the promises set forth in the written release agreement (including, but

14  not limited to, the forbearance from suing STATS) without the intention of performing it. He

15  brought the release agreement home and had 45 days to consider it, including, the retention of an

16  attorney. Nguyen was advised to seek an attorney, both orally and in writing, by Uy. He knew

17  how to hire an attorney as evidenced by his subsequent retention of his attorney (Peter Strojnik) to

18  represent him against STATS.

19       22.    On information and belief, Nguyen knew how to conduct research as evidenced by

20  his locating and retention of Mr. Strojnik who already was involved in litigation against STATS,

21  on behalf of another former STATS employee, for matters filed in both Arizona state and federal

22  courts. Mr. Strojnik's law practice is conducted predominantly in the State of Arizona, and on

23  information and belief, Mr. Strojnik does not advertise his legal services in the State of California.

24  But for Nguyen's research and know-how, he would not have found Mr. Strojnik.

25       23.    Nguyen has misrepresented his capabilities in terms of reading and understanding

26  basic English in order to avoid the promises he made when he executed the written release

27  agreement. The release agreement contains basic English terms and phrases, which Nguyen has

28  already demonstrated that he is able to understand. Nguyen has continued to refuse to return the

1    proceeds he collected even though he failed to perform his obligations under the release agreement.

2        24.    STATS justifiably relied on Nguyen's misrepresentation because STATS believed

3    that Nguyen would abide by his promises after signing the release agreement.  STATS would not

4    have performed its obligations under the written release agreement but for Nguyen's promise that

5    he would comply with his obligations.

6                                    **FIRST CLAIM**
                            **(Breach of Written Contract against Nguyen)**

7        25.    STATS re-alleges and incorporates by reference each of the allegations in

8    Paragraphs 1 through 24 of this Counter-Complaint as if fully set forth herein.

9

10       26.    STATS and Nguyen entered into the written release agreement.

11       27.    The terms of said release agreement are attached hereto as Exhibit "A."

12       28.    STATS has fully performed its obligations and agreements under the written release

13   agreement.

14       29.    Nguyen has breached the written release agreement.  Said breach was unjustified

15   and was not excused.

16       30.    Nguyen's lawsuit against STATS is frivolous, unreasonable, and without foundation

17   given Nguyen's execution of the release, which is fully enforceable.

18       31.    As a result of Nguyen's breach and refusal to pay back the proceeds he received

19   from the release agreement, STATS has been damaged in the amount of $11,736.36, including, but

20   not limited to, substantial compensatory damages according to proof.  STATS has suffered and will

21   continue to suffer substantial damages for having to incur attorney's fees and costs to defend

22   against Nguyen's lawsuit, which is in direct breach of his promises contained in the release

23   agreement.

24                                  **SECOND CLAIM**
                            **(Fraud against Counter-Defendants)**

25       32.    STATS re-alleges and incorporates by reference each of the allegations in

26   Paragraphs 1 through 31 of this Counter-Complaint as if fully set forth herein.

27       33.    Nguyen made a false promise without any intention of performing it.

28       34.    Nguyen made the false promise with scienter and/or knowledge of the falsity of the

1    representation.

2        35.    Nguyen made the false promise with the intent to induce STATS' reliance on the

3    representation.

4        36.    STATS' reliance on Nguyen's false promise was justifiable, which directly and

5    proximately caused STATS' damages.

6        37.    As a result of Counter-Defendants' fraudulent conduct, STATS is entitled to recover

7    from them substantial compensatory damages according to proof.  STATS has suffered and will

8    continue to suffer substantial damages for having to incur attorney's fees and costs to defend

9    against Nguyen's fraudulent lawsuit, which is in direct breach of his promises contained in the

10   release agreement.

11       38.    Counter-Defendants have been guilty of oppression, fraud and malice.  STATS is

12   therefore, entitled to exemplary/punitive damages in an amount appropriate to punish them and to

13   make an example of their wrongful conduct.

14                                    **THIRD CLAIM**
15                    **(Negligent Misrepresentation against Counter-Defendants)**

16       39.    STATS re-alleges and incorporates by reference each of the allegations in

17   Paragraphs 1 through 38 of this Counter-Complaint as if fully set forth herein.

18       40.    Nguyen made an untrue representation as to a past and/or existing material fact.

19       41.    Nguyen made the representation without any reasonable ground for believing it to

20   be true.

21       42.    Nguyen made the representation with the intent to induce STATS to act in reliance

22   on it.

23       43.    STATS relied on Nguyen's representation, and said reliance was justified.

24       44.    STATS suffered damages due to its reliance on Nguyen's representations.

25       45.    As a result of Nguyen's fraudulent conduct, STATS is entitled to recover from him

26   substantial compensatory damages according to proof.  STATS has suffered and will continue to

27   suffer substantial damages for having to incur attorney's fees and costs to defend against Nguyen's

28   fraudulent lawsuit, which is in direct breach of his promises contained in the release agreement.

1    46.    Counter-Defendants have been guilty of oppression, fraud and malice.  STATS is

2  therefore, entitled to exemplary/punitive damages in an amount appropriate to punish them and to

3  make an example of their wrongful conduct.

4                              **PRAYER FOR RELIEF**

5        1.    For compensatory damages and interest in an amount to be determined at trial;

6        2.    For punitive and exemplary damages according to proof at trial;

7        3.    For a set-off against any judgment awarded against STATS in Plaintiff's underlying

8  Complaint;

9        4.    For attorneys fees;

10       5.    Pre and post-judgment interest;

11       6.    For costs of suit herein; and

12  For such further or other relief as the Court deems just and proper.

13

14  DATED:  November 18, 2010                    OGLETREE, DEAKINS, NASH, SMOAK &
                                                STEWART, P.C.

15

16

17                                  By:  _____/s/ Gregory C. Cheng_____
                                                Gregory C. Cheng
18                                          Attorneys for Defendants
                                            STATS CHIPPAC, INC. AND STATS
19                                          CHIPPAC, LTD.

20

21

22

23

24

25

26

27

28